*Tne PRESIDENT
delivered the opinion of the court.
The judge, who pronounced the decree of reversal in this case, seems to have considered no other question, but the presumption against the demand, on account of its antiquity. It is undoubtedly true in general, that a right, for a length of time un-asserted, is subject to a presumption of its having been satisfied, sufficiently strong, to defeat it. But it is equally true, that this presumption may be opposed by circumstances, accounting for the forbearance. In this case, we think a sufficient reason for the delay is assigned, and satisfactorily proved. The decree of the Chancellor is therefore erroneous, and must be reversed. As to that of the County Court, we have felt some difficulty in deciding, what ought to be done with it; it cannot be sustained upon any principle. The will not having been made an exhibit in the cause, and the only evidence of a recovery, of the land in question, being a judgment of the General Court, against John Eustace, for some land, (but what land does not appear,) the decree was certainly made, without sufficient testimony to warrant it. In the next place, Mrs. Eustace ought to have been made a party, so soon as it was known, that she had qualified as executrix to her husband John Eustace. Her answer might have disclosed something important, of her own knowledge. The court ought to have directed an issue, to try, whether any, and what part of the plaintiff’s land, had been recovered, as well as the value and profits thereof, which being in the nature of damages, ought to be ascertained by a jury, and not by commissioners.
The decree of that court therefore, must also be reversed, as well as the proceedings subsequent to the answer. The plaintiff to have leave to amend his bill, so as to make Mrs. Eustace a party defendant, and the cause to be sent back to the County Court, to be there proceeded in.